UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

UNITED STATES OF AMERICA, and
The STATE OF WISCONSIN, ex rel.
and ROSE PRESSER, APNP, individually,

        Plaintiffs,

vs.

ACACIA MENTAL HEALTH CLINIC, LLC,
a WISCONSIN LIMITED LIABILITY
COMPANY, and ABE FREUND, individually.

        Defendants.

**FILED IN CAMERA
AND UNDER SEAL**

Civil Action No.:

---

**COMPLAINT FOR VIOLATION OF THE FEDERAL FALSE CLAIMS ACT,
31 U.S.C. §§3729 – 3732 AND WISCONSIN FALSE CLAIMS ACT §20.931**

---

Pursuant to 31 U.S.C. §3730(b)(1) and Wis. Stats. §20.931, plaintiff Rose Presser, APNP, ("Relator") for herself and on behalf of the United States of America and the State of Wisconsin, by her attorneys Gimbel, Reilly, Guerin & Brown LLP, brings this civil action under the Federal False Claims Act, 31 U.S.C. §3729, *et seq.*, and Wis. Stats. §20.931, *et seq.*, and under common law theories of payment by mistake and unjust enrichment, and alleges as follows:

## FILING UNDER SEAL

1. Under the Act, this complaint is to be filed in camera and remain under seal for a period of at least sixty (60) days and shall not be served on Defendants until the Court so orders. The Government may elect to intervene and proceed with the action within sixty (60) days after it receives both the complaint and the material evidence and information.

## JURISDICTION AND VENUE

2. This action arises under 31 U.S.C. §3729 *et seq.*, also known as the Federal False Claims Act (the "Act"), and the common law theories of payment by mistake and unjust enrichment to recover treble damages and civil penalties on behalf of the United States of America arising out of the Defendant's submission of fraudulent claims for payment to the United States Government through Medicare.

3. This action arises under Wis. Stats. §20.931 *et seq.*, also known as the Wisconsin False Claim Law (the "Law"), and the common law theories of payment by mistake and unjust enrichment to recover treble damages and civil penalties on behalf of the State of Wisconsin arising out of the Defendant's submission of fraudulent claims for payment to the State of Wisconsin through Medicaid.

4. Section 3732 of the Act provides that this Court has exclusive jurisdiction over actions brought under the Act and concurrent jurisdiction over state claims arising from transactions giving rise to the claims under the Act. In addition, jurisdiction over this action is conferred on this Court by 28 U.S.C. §1345 and 28 U.S.C. §1331 because this civil action arises under the laws of the United States.

5. Venue is proper in this district pursuant to 28 U.S.C. §1391 and §3732(a) of the Act, which provides that "any action under section 3730 may be brought in any judicial district in which the Defendant or, in the case of multiple Defendants, any one Defendant can be found, resides, transacts business, or in which any act proscribed by section 3729 occurred." Defendant Acacia Mental Health Clinic LLC is a Wisconsin limited liability company that transacts business within the State of Wisconsin and within this judicial district, with its principal place of business being located at 6040 West Lisbon Avenue, Milwaukee, Wisconsin 53210.

## CONFIDENTIAL DISCLOSURE STATEMENT

6. As required under §3730(a)(2) of the Act, Relator Presser has provided to the Attorney General of the United States and to the United States Attorney for the Eastern District of Wisconsin, simultaneous with, or prior to the filing of this complaint, a statement of all material evidence and information related to the complaint (the "Disclosure Statement").

## PARTIES TO THE ACTION

7. Plaintiff United States of America, through the Department of Health and Human Services ("HHS") and the Health Care Financing Administration ("HCFA"), administers a Supplementary Medical Insurance Program for the Aged and Disabled, established by Part B, Title XVIII, of the Social Security Act, 42 U.S.C. §1395(j), *et seq.*, ("Medicare"). Medicare is a federal health insurance program that serves people age 65 or older, as well as certain disabled individuals.

8. Plaintiff State of Wisconsin, through the Wisconsin Department of Health and Family Services, administers the Medicaid program that provides health coverage to some low-income Wisconsin residents, families with children and pregnant women, medically needy individuals, the elderly, and people with disabilities, if state and federal guidelines are met.

9. Relator Rose Presser, APNP, ("Relator Presser") is a United States citizen and resident of the State of Wisconsin, and brings this action on behalf of the United States of America pursuant to 31 U.S.C. §3730(b)(1). Relator Presser was employed by the defendant, Acacia Mental Health Clinic, LLC as an independent contractor, for a period of seven (7) months, employed for the purposes of providing services including psychiatric evaluations and medication management. Relator Presser brings this action based on direct and independent

knowledge acquired through her employment with the defendant, Acacia Mental Health Clinic, LLC, and is an original source of the allegations.

10. As stated above, defendant Acacia Mental Health Clinic, LLC ("Acacia"), is a Wisconsin limited liability company engaged in the business of providing certified outpatient mental health and addiction treatment for individuals who have mental health problems, behavior problems and AODA (Alcohol and Other Drug Abuse) issues, including children, adolescents, adults and families. Acacia's principal place of business is located at 6040 West Lisbon Avenue, Suite #102, Milwaukee, Wisconsin 53210.

11. Defendant Abe Freund ("Freund") is, upon information and belief, a United States citizen and resident of the State of New York. Upon information and belief, Freund was, at all times material to this action, the principal owner of Acacia.

## FACTUAL BACKGROUND

12. Commencing with the onset of her employment, Relator Presser's background and knowledge recognized the defendant's policies and procedures were designed to maximize patient billings and revenues and were inconsistent with her practice knowledge as a Nurse Practitioner.

13. Upon information and belief, Acacia's initial appointment for any patient was billed as an "assessment" under CPT billing code 90801. By definition, this

5

code is applied to an appointment that is a full psychological assessment by a therapist (or therapist in training), or a psychiatric medical evaluation by a psychiatrist or psychiatric nurse practitioner. In reality, the assessment that was provided initially consisted of completion of paperwork, an introduction to the rules of operation of the clinic, brief personal information and one or two screening tools.

14. Upon information and belief, Acacia patients would return for a subsequent assessment, also billed under CPT billing code 90801, to complete a psychosocial assessment with either a different, or in some cases, the same therapist.

15. Upon information and belief, Acacia patients were required to submit a UDS (urine drug screen) with each appointment, a policy determined by the owner of the clinic, not the clinician. Multiple UDS tests were collected with each of the four admission appointments and at each subsequent appointment, regardless of their status as an AODA or mental health patient. Relator Presser noted significant health concerns with the operation of the UDS room and the risk for the spread of viruses such as hepatitis and HIV, which risks were high among this group of patients.

16. Upon information and belief, Acacia patients being treated with Suboxone therapies were required to return every one to two weeks for medication refills,

which is an excessive pattern that allows Acacia to bill for additional office visits that are not medically necessary. Usual and customary health care practice is for Suboxone patients to be seen one time per month.

17. Upon information and belief, Acacia regularly required patients to see Nurse Practitioners when it is not medically necessary to do so. Upon information and belief, most Acacia patients had medical clinicians outside of Acacia, but were still regularly scheduled to be seen by Acacia's medical Nurse Practitioner for an automatic assessment and monthly routine appointments, to evaluate blood pressure, medication or insomnia issues. Duplicating services already being performed by other clinicians enabled Acacia to bill for unnecessary treatment.

18. Upon information and belief, Acacia's policy and practice was to discharge a patient who missed appointments or were not seen for a period as short as thirty days. When the patient did return to the clinic, the assessment process was restarted. This allowed Acacia to bill for additional assessments where the original assessment was still viable. Many of these re-assessments therefore, were not medically necessary and this practice was used to generate false bills to be submitted to Medicaid.

## LIABILITY UNDER THE FALSE CLAIMS ACT

19. A person (defined as any individual, partnership, corporation, associations, or private organizations) is liable under the False Claims Act for knowingly making, using or causing to be made or used, a false record or statement to get a false claim paid or approved by the government. See U.S.C. §3729(a)(2).

20. A claim is any request, demand or submission:

   a. Made by a recipient of money from an authority or a party to a contract with an authority, for money for services, if the United States provided any portion of the funds for the purchase of such services; provided any portion of the funds for the purchase of services; or will reimburse such recipient or party for the purchase of such services.

See 31 U.S.C. §3801(a)(3)(B).

21. A statement under the False Claims Act is any representation, record, or document made with respect to a contract with any State, political subdivision of a State, or other party, if any portion of the money under the contract comes from the Federal Government or if the Federal Government will reimburse such State, political subdivision, or party for any portion of the money under such contract. See 31 U.S.C. §3801(a)(9)(B).

### COUNT 1 AGAINST ALL DEFENDANTS – FALSE CLAIMS ACT – CONSPIRACY

22. Relator Presser realleges and incorporates paragraphs 1 through 21 of this complaint as if fully set forth herein.

23. Upon information and belief, defendants Acacia and Freund, through its various members and/or employees, agreed to defraud the United States and State of Wisconsin by using false statements and misrepresentations, for the purpose of obtaining payments made by the United States Government and the State of Wisconsin.

24. As set forth in the preceding paragraphs, Acacia and Freund knowingly violated 31 U.S.C. §3729(a)(2).

### COUNT II AGAINST ALL DEFENDANTS – FALSE CLAIMS ACT – PRESENTATION OF FALSE STATEMENTS

25. Relator Presser realleges and incorporates paragraphs 1 through 24 of this complaint as if fully set forth herein.

26. Upon information and belief, since on or about February 1, 2009, Acacia and Freund have knowingly billed for mental health services that do not meet the specified requirements of the American Medical Association Current Procedural Terminology (CPT) Code 90801 in order to obtain payments from the United States Government and State of Wisconsin.

27. As set forth in the preceding paragraphs, Acacia and Freund knowingly violated 31 U.S.C. §3729(a)(2), and have thereby damaged the United States Government and State of Wisconsin Government by its actions in an amount to be determined at trial.

## COUNT III AGAINST ALL DEFENDANTS – PAYMENT UNDER MISTAKE OF FACT

28. Relator Presser realleges and incorporates paragraphs 1 through 27 of the complaint as if fully set forth herein.

29. This is an action to recover monies paid to Acacia and Freund under a mistake of fact.

30. The United States and State of Wisconsin made payments to Acacia and Freund under the erroneous belief that the statements about the scope and nature of the medical care and treatment rendered to patients of Acacia were consistent with the applicable CPT code. The United States' and State of Wisconsin's erroneous beliefs were material to the payments made by the Governments to Acacia and Freund.

31. As a result of these mistakes of fact, the United States and State of Wisconsin paid Acacia and Freund money to which it was not entitled and the United States and State of Wisconsin have suffered damages in an amount to be determined at trial.

## COUNT IV AGAINST ALL DEFENDANTS – UNJUST ENRICHMENT

32. Relator Presser realleges and incorporates paragraphs 1 through 31 of this complaint as if fully set forth herein.

33. This is an action to recover monies by which Acacia and Freund have been unjustly enriched. Due to improper and fraudulent practices carried out by

Acacia and Freund, the United States and State of Wisconsin paid Acacia and Freund monies by which Acacia and Freund have been unjustly enriched.

34. By reason of its payments, the United States and State of Wisconsin are entitled to damages in an amount to be determined at trial.

## PRAYER FOR RELIEF

WHEREFORE, Relator Presser respectfully asks this Court to enter judgment against Acacia and Freund as follows:

a. That the United States and State of Wisconsin be awarded damages in the amount of three times the damages sustained by the United States and State of Wisconsin because of the false claims and fraud alleged within this Complaint, as the Civil False Claims Act, 31 U.S.C. §3729, *et seq.*, provides;

b. That the civil penalties of $5,500 to $11,500 be imposed for each and every false claim that Acacia and Freund presented or caused to be presented to the United States and State of Wisconsin;

c. That pre- and post-judgment interest be awarded, along with reasonable attorney's fees, costs and expenses which Relator Presser necessarily incurred in bringing and pressing this case;

d. That Relator Presser be awarded the maximum amounts allowed pursuant to the False Claims Act; and

e. That this Court award such other and further relief as it deems proper.

## DEMAND FOR A JURY TRIAL

Relator Presser demands a jury trial on all claims alleged herein.

Dated this 18th day of January, 2013.

GIMBEL, REILLY, GUERIN & BROWN LLP

By: *[signature]*

CHRISTOPHER L. STROHBEHN
State Bar No. 1041495
cstrohbehn@grgblaw.com
Attorneys for Relator Rose Presser

POST OFFICE ADDRESS:

Two Plaza East, Suite 1170
330 East Kilbourn Avenue
Milwaukee, Wisconsin 53202
Telephone: 414/271-1440

hc/presser/c/quitamcomplaintrevised2012-12-12