UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| UNITED STATES OF AMERICA and the STATE OF WISCONSIN, ex rel. ROSE PRESSER,<br><br>　　　　　　　　　　Plaintiffs,<br><br>v.<br><br>ACACIA MENTAL HEALTH CLINIC, LLC and ABE FREUND,<br><br>　　　　　　　　　　Defendants. | Case No. 13-CV-71-JPS<br><br><br><br>**ORDER** |

　　　　Relator Rose Presser ("Presser") initiated this *qui tam* action against Defendants on January 18, 2013, alleging violations of the federal False Claims Act ("FCA"), 31 U.S.C. § 3730, and its Wisconsin counterpart. (Docket #1). After an appeal to the Seventh Circuit, on remand she sought and was granted leave to file a second amended complaint. (Docket #58). She filed her second amended complaint on December 14, 2016, which Defendants answered on December 28, 2016. (Docket #59 and #60).

　　　　Also on December 28, 2016, the government filed its own civil action under the FCA, raising largely the same claims as Presser asserts here. (Docket #61 at 2). Because the government did not identify this action as related, the government's suit was assigned to District Judge Lynn Adelman and is pending in Case No. 16-CV-1718. Currently before the Court is Presser's motion for voluntary dismissal without prejudice, which she filed on February 3, 2017. *Id.* She seeks dismissal on the ground that the government's FCA action prevents her from maintaining this one. *See id.* at 3. Additionally, she notes that under the FCA she has the same rights to a

share in the government's recovery in its case as she does here. *Id.*; *see* 31 U.S.C. § 3730(c)(5). Defendants oppose the motion, arguing that while they agree the case should be dismissed, any dismissal should be with prejudice. (Docket #65). Presser filed a reply in support of her motion on February 27, 2017. (Docket #69). The motion is fully briefed and, for the reasons stated below, it will be granted.[1]

Federal Rule of Civil Procedure 41 governs Presser's motion for voluntary dismissal. Because Defendants have answered the second amended complaint, and because Defendants would not consent to the dismissal, Rule 41 provides that Presser can only obtain voluntary dismissal by court order and "on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2). In considering whether to grant a motion under Rule 41(a)(2), a court must examine whether the defendant will suffer unfair prejudice from the dismissal. *Marlow v. Winston & Strawn*, 19 F.3d 300, 304 (7th Cir. 1994). Several factors guide this analysis, including "'the defendant's effort and expense of preparation for trial, excessive delay and lack of diligence on the part of the plaintiff in prosecuting the action, insufficient explanation for the need to take a dismissal, and the fact that a motion for summary judgment has been filed by the defendant.'" *Kunz v. DeFelice*, 538 F.3d 667, 677 (7th Cir. 2008) (quoting *Pace v. S. Express Co.*, 409 F.2d 331, 334 (7th Cir. 1969)).

Under Rule 41(a)(2), a court can, in its discretion, impose conditions on dismissal that are necessary to offset possible prejudice to the defendant.

---

[1] On February 28, 2017, the day after Presser's motion fully ripened, the government filed a motion for leave to submit its own brief in support of dismissal without prejudice. (Docket #70). The Court need not consider this eleventh-hour submission in order to reach the government's desired conclusion, so the Court will deny the government's motion as moot.

*Marlow*, 19 F.3d at 303; *McCall–Bey v. Franzen*, 777 F.2d 1178, 1184 (7th Cir. 1985). One common condition is requiring the plaintiff to pay the defendant's reasonable attorney's fees and costs. *Marlow*, 19 F.3d at 305. Another permissible condition is dismissing the matter with prejudice, although dismissals under Rule 41(a)(2) are normally made without prejudice. *See* Fed. R. Civ. P. 41(a)(2); *Marlow*, 19 F.3d at 305. The Seventh Circuit has instructed that the plaintiff must be given a reasonable opportunity to withdraw the motion for voluntary dismissal if the court indicates that it will grant the requested dismissal but only with conditions the plaintiff has not previously agreed to. *Marlow*, 19 F.3d at 305.

Defendants raise several concerns about Presser's proposed dismissal. At the outset, however, it should be noted that the Defendants seem more focused on obtaining dismissal of the government's related case. Defendants apparently believe that if they can achieve a dismissal of Presser's case with prejudice, they can take that dismissal to Judge Adelman and obtain dismissal of the government's action on *res judicata* grounds. Viewed from that perspective, it is easier to understand the parties' positions.

Defendants open with a description of what they view as a history of delay and obfuscation by Presser and the government. Defendants suggest that the government has waived its ability to bring its own FCA suit by choosing not to intervene in this case during its four-year life span. (Docket #65 at 1). In Defendants' view, the government's newly filed case comes as Presser finally realizes that she will have to litigate this case in a meaningful way. *Id.* at 1–2. Defendants state that Presser has not provided dates for her own deposition and has not responded to Defendants' discovery requests, which were served on December 28, 2016. *Id.* at 2. Nor has she propounded

her own discovery requests although the case is fully entered into the discovery phase. *See id.* at 3. Indeed, according to Defendants, even the government is dragging its feet. The United States filed its separate action on December 28, 2016 and only obtained a waiver of service from Defendants' counsel in early February 2017. *Id.* at 2.

Defendants tie this theory of dilatoriness into the *Pace* factors and ask for dismissal with prejudice.² First, they claim that they have expended significant amounts of time and money litigating two motions to dismiss, an appeal, and other trial preparation in this case, including serving their recent discovery requests. *Id.* at 2–3. Second, Defendants contend that Presser has not been diligent in her prosecution of this case, since she failed to plead actionable claims twice and is now refusing to participate in discovery. *Id.* at 3.

Third, and most critical to Defendants, they believe that Presser's explanation of her need for dismissal falls short. *Id.* According to Defendants, Presser does not adequately explain how the government can now bring its own FCA suit despite failing to intervene in this action. *Id.* at 4. Defendants say that this is not permitted, arguing that the government must intervene in a relator's FCA suit or be bound to the result reached in its absence. *Id.* (citing *U.S. ex rel. Lusby v. Rolls-Royce Corp.*, 570 F.3d 849, 853 (7th Cir. 2009)). It cannot simply file its own duplicative lawsuit. *Id.*

By contrast, Presser believes that the FCA permits just what occurred here. She points to language in the statute which allows the government to

---

²Defendants request only dismissal with prejudice and do not seek their fees or costs as a condition for dismissal. Consequently, the Court does not decide whether an award of fees or costs would be appropriate as a condition.

Page 4 of 9

Case 2:13-cv-00071-JPS   Filed 03/02/17   Page 4 of 9   Document 71

pursue "any alternate remedy" instead of intervening in Presser's lawsuit, *id.* § 3730(c)(5), which has been interpreted as allowing the government to bring its own FCA action. (Docket #61 at 2) (citing *U.S. ex rel. Bledsoe v. Cmty. Health Sys.*, 342 F.3d 634, 647 (6th Cir. 2003)); (Docket #69 at 4). Additionally, Presser contends that because there has been no determination on the merits in this action, Defendants' reliance on principles of claim preclusion is misplaced. (Docket #69 at 7).

Defendants disagree. They argue that since the government needs to show "good cause" to intervene late in private citizen's FCA action, 31 U.S.C. § 3730(b)(3), it cannot be that instead of showing good cause the government can decide to file its own case. (Docket #65 at 5). This would, in Defendants' view, render the requirement "toothless." *Id.* Defendants emphasize that allowing the government to bypass the "good cause" requirement for intervening in Presser's suit after four years of silence would work substantial prejudice against them. *Id.* at 5–6.

In reply, Presser seeks to justify the government's failure to intervene in her case, claiming that the government initially failed to intervene after the Court did not give it enough extensions of time to complete its investigation. (Docket #69 at 2). After the government completed its investigation, it decided to pursue its own FCA action. *Id.* Presser argues that this is not an end-run around the "good cause" standard, but instead represents the government's strategic choice among the options available to it under the FCA. *Id.*

She also challenges the notion that the government has not participated in this case. *Id.* She states that when the Seventh Circuit referred the case to mediation, the government "took the lead, seeking a global

settlement of all potential claims involving defendants' conduct offending the False Claims Act." *Id.* Presser further contends that Defendants have always known that the government has been "aggressively pursuing its own investigation of them," including acquiring documents from Defendants and conducting witness interviews, suggesting that the government's new case comes as no surprise to them. *Id.* at 3.

Presser next defends her own litigation conduct. She states that because the government has filed an FCA action based on similar facts, she is not permitted to pursue her claims independently. *Id.* at 3–4 (citing *U.S. ex rel. LaCorte v. Wagner*, 185 F.3d 188, 191 (4th Cir. 1999)). Thus, when Defendants served discovery requests on her the same day as the government filed its own case, she was powerless to respond. *Id.* at 3–6.

Finally, Presser opposes Defendants' claim that they have expended significant time and effort in defending this case thus far. She points out that discovery began recently and that trial is not scheduled until September 2017. *Id.* at 4. Thus, Defendants cannot have spent much on trial preparation at this time. *Id.* Moreover, she contends that because Defendants twice sought and ultimately failed to obtain dismissal of this case, they cannot now claim prejudice from the time spent litigating their motions to dismiss and the appeal. *Id.* at 5. Further, because Presser cannot pursue this case any longer in light of the government's related case, Defendants' contention that they are actively preparing for trial in this case "ignores reality." *Id.*

The Court, weighing the *Pace* factors, concludes that dismissal without prejudice is appropriate. First, despite Defendants' complaint about their effort in litigating this case for four years, that delay was caused as much by them as by Presser, for it was they who moved to dismiss Presser's first two

complaints. The operative inquiry here is whether Defendants will suffer unfair prejudice from the dismissal. *See Tyco Labs., Inc. v. Koppers Co.,* 627 F.2d 54, 56 (7th Cir. 1980) (noting that dismissal with conditions is only required where the defendant will suffer "plain legal prejudice" in the absence of such conditions). Delay occasioned by one's own actions cannot be considered unfair.

Additionally, while this case is picking up speed as it heads toward trial in September 2017, that date is a long way off. Serving discovery requests and asking for deposition dates are not the sort of substantial trial preparation efforts that warrant a prejudicial dismissal. Notably, the final *Pace* factor concerns whether a summary judgment motion has been filed by the defendant. *Pace,* 409 F.2d at 334. This suggests that the Seventh Circuit was contemplating cases in the late stages of preparation when it spoke of the need for conditioned dismissals. *See id.* (noting that dismissal with prejudice was appropriate since "considerable discovery had been undertaken at substantial cost to the defendant," and the defendant's summary judgment motion had been fully briefed). Of course, Defendants have not filed such a motion, and discovery in this case is just beginning. Thus, these considerations militate against Defendants' request for dismissal with prejudice.

Second, contrary to Defendants' claims, it does not appear that Presser has been dilatory in her approach to this litigation. Rather, she has spent most of the case defending her complaints from dismissal and, by virtue of the government's newly filed related action, she cannot participate in discovery or other trial preparation in this case. Defendants do not contest this latter assertion, and the Court assumes for present purposes that it is true that

Page 7 of 9

Case 2:13-cv-00071-JPS   Filed 03/02/17   Page 7 of 9   Document 71

Presser cannot continue to prosecute the instant case. *See LaCorte*, 185 F.3d at 188 (noting that operation of Section 3730(c)(5) "assumes that the original qui tam action [does] not continue"); *U.S. ex rel. Babalola v. Sharma*, 746 F.3d 157, 161 (5th Cir. 2014).

Third, the Court is satisfied that Presser's explanation of the need for dismissal is, at worst, a neutral factor. It is enough to say that Defendants' cited cases do not compel the conclusion that the government's related case is impermissible. For instance, *Lusby* concerned whether the disposition of an employment discrimination case bars the institution of a later *qui tam* action with that employee as the relator. *Lusby*, 570 F.3d at 851. That is not the situation here. Likewise, *Lusby* holds that if the relator "had litigated a *qui tam* action to the gills and lost, neither another relator nor the United States could start afresh." *Id.* at 853; *see also U.S. ex rel. Eisenstein v. City of New York*, 556 U.S. 928, 936 (2009). Again, that is not this case, as there has been no merits determination here. Finally, the Court notes that Defendants do not distinguish *Bledsoe*, which, although not controlling, holds that under Section 3730(c)(5), one of the "alternate remed[ies]" the government may pursue in the face of a relator's FCA suit is to institute its own. *Bledsoe*, 342 F.3d at 647–48; *see also Stinson, Lyons & Bustamante, P.A. v. United States*, 79 F.3d 136, 138 (Fed. Cir. 1996) (noting that the government "may at its option intervene in [a relator's] suit and conduct it," "pursue an independent action," or "take no action"). Without definitively resolving the question, the Court finds that Presser is not so plainly without cause to seek dismissal that her action should be dismissed with prejudice, particularly since each of the other *Pace* factors support dismissal without prejudice. *Tyco Labs.*, 627 F.2d at 56 ("The enumeration of the factors to be considered in *Pace* is not equivalent to a

mandate that each and every factor be resolved in favor of the moving party before dismissal is appropriate. It is rather simply a guide for the trial judge, in whom the discretion ultimately rests."). Therefore, after considering the *Pace* factors and the entire record in this case, the Court concludes that this action should be dismissed without conditions placed on the dismissal.

Accordingly,

**IT IS ORDERED** that Relator Rose Presser's motion for voluntary dismissal (Docket #61) be and the same is hereby **GRANTED**;

**IT IS FURTHER ORDERED** that the government's motion for leave to file a statement of interest (Docket #70) be and the same is hereby **DENIED as moot**; and

**IT IS FURTHER ORDERED** that this action be and the same is hereby **DISMISSED without prejudice**.

The Clerk of the Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 2nd day of March, 2017.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge